IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKEITA KEMP, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) NISSAN NORTH AMERICA, INC. and ) NISSAN MOTOR CO., LTD., ) ) Defendants. ) | Case No. 3:19-cv-00854 Judge Campbell/Frensley |

## ORDER

### I. INTRODUCTION

In this automotive products liability action, Plaintiff Lakeita Kemp seeks damages and equitable relief from Defendants Nissan North America, Inc. ("NNA") and Nissan Motor Co., Ltd. ("NML") (collectively, "Nissan") related to an alleged defect in the Automatic Emergency Braking ("AEB") system in her Nissan vehicle. Docket No. 30 (Amended Complaint). Ms. Kemp seeks to represent a class of similarly situated individuals. *Id.* at 18-22.

This matter is now before the Court upon Ms. Kemp's Motion for Consolidation for Pre-Trial Purposes, in which Ms. Kemp asks the Court to consolidate her case (for pretrial purposes only) with another Nissan automotive products liability action. Docket No. 45. Ms. Kemp has also filed a Supporting Memorandum. Docket No. 46. Nissan has filed a Response in Opposition. Docket No. 54. Ms. Kemp has filed a Reply. Docket No. 62. For the reasons set forth below, Ms. Kemp's Motion is GRANTED.

## II. LAW AND ANALYSIS

### A. Motions for Consolidation

In federal court, motions to consolidate are governed by Rule 42, which states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation is a matter for the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993), *citing Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). Cases that have a common question of law or fact can be consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, 2006 U.S. Dist. LEXIS 105751, at *3 (M.D. Tenn. Oct. 11, 2006). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992), *quoting* 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971). Rule 42 does not require that all the claims in each case be identical in order to consolidate the actions. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical").

### B. Ms. Kemp's Motion

Ms. Kemp asks the Court to consolidate her case, for pretrial purposes only, with *In re Nissan North America, Inc. Litigation* (Case No. 3:19-cv-00843). Ms. Kemp argues that the two cases have multiple common questions of law and fact:

> They both involve allegations of the same defect being present in vehicles manufactured by Nissan, the same claims that the defect breaches warranties allegedly provided by Nissan, and the same allegations that Nissan defrauded consumers by failing to timely disclose the existence of the purported defect. Both cases involve allegations of breaches of warranty, violations of the Magnuson-Moss Warranty Act, fraudulent concealment, and unjust enrichment stemming from an alleged defect in the emergency braking systems in certain vehicle models manufactured by Nissan. The nature of the remedies that are requested in both cases include similar injunctive relief and requests that Nissan correct the alleged defect along with requests for monetary damages that plaintiffs alleged to have suffered as a result of the purported defect. Discovery in these cases will overlap considerably and will involve the exchange of virtually the same documents and depositions of virtually the same witnesses.

Docket No. 46, p. 2-3 (paragraph break omitted). Due to these similarities, Ms. Kemp contends that consolidation for pretrial purposes would reduce the burden on the Parties and the Court as the case moves through discovery, minimizing the duplication of motion practice, rulings, and deadlines. *Id.* at 3-5.

Nissan maintains that coordination of discovery (which the Parties have already agreed to) can achieve the same benefits of judicial economy as consolidation and that the two cases "present unique factual and legal questions." Docket No. 54, p. 4. Specifically, Nissan argues that "the named plaintiffs in the two cases owned completely different vehicles" and that the

3

allegations in each case rely on the laws of different states. *Id.* at 4-5. Nissan also points out that motions to dismiss have been filed in both cases, and are pending in *In re Nissan*.[1] *Id.* at 5.

Upon consideration of the two cases in light of the factors set forth in *Cantrell*, the Court finds that they involve common questions of law and fact.[2] A common question of fact is whether the AEB system, alleged to be present in various Nissan vehicles belonging to the Plaintiffs, suffers from a defect that causes the emergency brake to suddenly and unexpectedly engage, bringing the vehicles to a halt. Docket No. 30, p. 8-9; *In re Nissan* Consolidated Class Action Complaint (Case No. 4:18-cv-07292, N.D.CA) Docket No. 38, p. 9-34. Common questions of law include whether Nissan has breached warranties to consumers, violated the Magnuson-Moss Warranty Act, or fraudulently concealed the alleged defect. Docket No. 30, p. 22-30; *In re Nissan Consolidated Complaint*, *supra*, Docket No. 38, p. 33-40.

The Court further finds that consolidation for pretrial purposes would promote the economy and convenience of the Court and of the Parties, as it will streamline discovery and the motion practice that occasionally accompanies it. Nissan does not explain why consolidation for discovery would result in "new consolidated pleadings" and "the motion-to-dismiss briefing would begin anew." Docket No. 54, p. 5. Because consolidation is not joinder, the Complaints and responsive pleadings will not be affected. Consolidation "does not merge the suits into a single cause, or change the rights of parties, or make those who are parties in one suit parties in another." *U.S. ex rel. & for Use of Tennessee Valley Auth. v. An Easement & Right-of-Way Over 1.8 Acres of Land, More or Less, in Maury Cty., Tenn.*, 682 F. Supp. 353, 355 (M.D. Tenn.

---

[1] Since the time that Nissan's brief was filed, the motions to dismiss have been fully briefed in both cases.

[2] Because this Motion seeks consolidation for pretrial purposes only, some of the *Cantrell* factors do not pertain, such as "the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell*, 999 F. 2d at 1011.

4

1988), *citing Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496 (1933). Additionally, the disposition of the pending Motions to Dismiss (which must be decided on the pleadings alone) will not be disturbed or delayed by this limited consolidation.

Finally, because the Motion seeks only pretrial consolidation, the fact that the two cases are brought under the laws of different states does not bar consolidation. Discovery in federal court is governed not by state law, but by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26, 34. Considerations that might weigh against consolidation at the trial stage (such as the potential for confusion resulting from different state laws) are not present here, where the issue is only consolidation for pretrial matters. While referencing "potential differences," Nissan has not identified any pretrial matters that would be adversely affected due to the cases being brought under the laws of different states. *See* Docket No. 54.

### III. CONCLUSION

For the foregoing reasons, Ms. Kemp's Motion (Docket No. 45) is GRANTED. This case (No. 3:19-cv-00854) and *In re Nissan North America, Inc. Litigation* (No. 3:19-cv-00843) will be consolidated for pretrial purposes only.

IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge

5

Case 3:19-cv-00854   Document 63   Filed 05/06/20   Page 5 of 5 PageID #: 584