UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LAKEITA KEMP, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO., LTD.,<br><br>    Defendants. | Case No.: 3:19-cv-00854<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Chip Frensley |

## DEFENDANT NISSAN MOTOR CO., LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

Defendant Nissan Motor Co., LTD. ("NML") files this Answer to Plaintiff Lakeita Kemp's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. No. 30) as follows.

The numbered paragraphs below correspond to the like-numbered paragraphs in the FAC. Except as specifically admitted as set forth below, NML denies the allegations in the FAC, including without limitation the headings and subheadings contained within the FAC. NML expressly reserves the right to amend and/or supplement its answer and defenses.

**I.  Nature of the Case**

  1.  NML lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding the vehicle models Plaintiff and putative class members purchased or leased. To the extent Paragraph 1 of the FAC makes additional allegations, they are denied.

  2.  NML denies the allegations in Paragraph 2 of the FAC.

3. NML admits that the allegations in Paragraph 3 of the FAC are a very general description of some aspects of certain Automatic Emergency Braking technology. If anything further is intended by these allegations, then they are denied.

4. NML admits that the 2015 model year Nissan Murano and certain other 2015 model year vehicles offered Forward Emergency Braking as an optional feature. NML also admits that Automatic Emergency Braking was a standard feature on some of the listed vehicle models depending on grade. Because the allegations are overly general and broad, no further response is reasonably possible or required. If a response is required, then the allegations in Paragraph 4 of the FAC are denied as phrased.

5. NML denies the allegations in Paragraph 5 of the FAC.

6. NML denies the allegations in Paragraph 6 of the FAC.

7. NML denies the allegations in Paragraph 7 of the FAC.

8. NML denies the allegations in Paragraph 8 of the FAC.

9. NML denies the allegations in Paragraph 9 of the FAC.

10. NML denies the allegations in Paragraph 10 of the FAC.

11. NML denies the allegations in Paragraph 11 of the FAC.

12. NML denies the allegations in Paragraph 12 of the FAC.

## II.    Jurisdiction and Venue

13. NML lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's jurisdictional claims in Paragraph 13 of the FAC. To the extent a response is required, NML does not contest the subject matter jurisdiction of this Court.

14. The allegations of Paragraph 14 of the FAC are legal conclusions to which no response is required. To the extent a response is required, NML does not contest the subject matter jurisdiction of this Court.

- 2 -

15.     NML admits that NNA's principal place of business is in Franklin, Tennessee. The remaining allegations of Paragraph 15 of the FAC are legal conclusions to which no response is required. To the extent a response is required, NML does not contest the personal jurisdiction of this Court.

16.     The allegations of Paragraph 16 of the FAC are legal conclusions to which no response is required. To the extent a response is required, NML does not contest venue in this Court.

## III.    <u>Parties</u>

17.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the FAC.

18.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's understanding at the time she purchased a Nissan Altima. NML denies the remaining allegations in Paragraph 18 of the FAC.

19.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the FAC.

20.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the FAC. To the extent Paragraph 20 of the FAC makes additional allegations, they are denied.

21.     NML admits that NNA is a California corporation with its principal place of business in Franklin, Tennessee and that NNA distributes and markets Nissan and Infiniti vehicles in the United States to independent dealers authorized to sell, lease, and service those vehicles. NML denies the remaining allegations in Paragraph 21 of the FAC.

22.     NML admits that it is a Japanese Corporation and that its corporate headquarters is in Yokohama, Japan. NML also admits that NNA is a subsidiary corporation of NML, and

- 3 -

that NML designs and manufactures automobiles. NML denies that it distributes, markets and sells automobiles in the United States.

23.     The allegations in Paragraph 23 of the FAC are legal conclusions to which no response is required. If a response is required, the allegations are denied.

24.     The allegations in Paragraph 24 of the FAC are legal conclusions to which no response is required. To the extent Paragraph 24 of the FAC makes additional allegations, they are denied.

25.     NML admits that NNA is a subsidiary corporation of NML. The remaining allegations in Paragraph 25 of the FAC are legal conclusions to which no response is required. To the extent Paragraph 25 of the FAC makes additional allegations, they are denied.

**IV.    Factual Allegations**

26.     NML lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to the operation of her vehicle. To the extent Paragraph 26 of the FAC makes additional allegations, they are denied.

27.     NML admits that Forward Emergency Braking was offered as an optional feature for the 2015 model year Nissan Murano. To the extent Paragraph 27 of the FAC makes additional allegations, they are denied.

28.     NML admits that Forward Emergency Braking technology has been offered as an optional feature on various vehicles including the Nissan Rogue, Nissan Altima, and Nissan Maxima. To the extent Paragraph 28 of the FAC makes additional allegations, they are denied.

29.     NML admits that, as a part of mid-year model revisions, Forward Emergency Braking technology became a standard feature on the 2017 Nissan Rogue. To the extent Paragraph 29 of the FAC make additional allegations, they are denied.

- 4 -

30.     NML admits that Forward Emergency Braking technology was later called Automatic Emergency Braking and this technology was a standard feature on some 2018 vehicle models listed in Paragraph 30 of the FAC depending on grade.  Because the allegations are overly general and broad, no further response is reasonably possible or required.  If a response is required, then the allegations in Paragraph 30 of the FAC are denied as phrased.

31.     The allegations in Paragraph 31 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

32.     NML admits that the allegations in Paragraph 32 of the FAC in a general manner describe Forward Emergency Braking/Automatic Emergency Braking technology.  If anything further is intended by these allegations, then they are denied.

33.     NML denies the allegations in Paragraph 33 of the FAC.

34.     NML denies the allegations in Paragraph 34 of the FAC.

35.     NML denies the allegations in Paragraph 35 of the FAC.

36.     NML denies the allegations in Paragraph 36 of the FAC.

37.     NML denies the allegations in Paragraph 37 of the FAC.

38.     NML admits that it had overall design responsibility for Forward Emergency Braking/Automatic Emergency Braking systems in Nissan vehicles.  The remaining allegations of Paragraph 38 of the FAC are denied.

39.     NML denies the allegations in Paragraph 39 of the FAC.

40.     NML denies the allegations in Paragraph 40 of the FAC.

41.     NML denies the allegations in Paragraph 41 of the FAC.

ACTIVE.125119147.01
4849-5541-2433v1

42.     NML denies the allegations in Paragraph 42 of the FAC except as to the allegedly reprinted VOQs submitted to NHTSA, as to which NML lacks knowledge or information sufficient to form a belief about the truth of those allegations.

43.     Paragraph 43 of the FAC is argumentative, contains legal conclusions, does not contain any factual allegations, and does not require a response.  If a response is required, the allegations are denied.

44.     The allegations in Paragraph 44 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

45.     NML denies the allegations in Paragraph 45 of the FAC.

46.     NML admits only that NNA issued Technical Service Bulletin NTB18-041a. NML denies the remaining allegations in Paragraph 46 of the FAC which are argumentative and presume the truth of facts that are disputed.

47.     NML admits only that NNA issued Technical Service Bulletin NTB18-041a. NML denies the remaining allegations in Paragraph 47 of the FAC which are argumentative and presume the truth of facts that are disputed.

48.     NML admits only that NNA issued Technical Service Bulletin NTB18-041a and that the document speaks for itself.  NML denies the remaining allegations in Paragraph 48 of the FAC which are argumentative and presume the truth of facts that are disputed.

49.     NML admits only that NNA issued Technical Service Bulletin NTB18-041a. NML denies the remaining allegations in Paragraph 49 of the FAC which are argumentative and presume the truth of facts that are disputed.

50.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the FAC.

- 6 -

51.     NML denies the allegations in Paragraph 51 of the FAC.

52.     NML admits that NNA markets Nissan vehicles in the U.S.  NML denies the remaining allegations in Paragraph 52 of the FAC which are argumentative and general.

53.     NML admits that NNA markets Nissan vehicles in the U.S.  NML denies the remaining allegations in Paragraph 53 of the FAC which are argumentative, general and refer to unspecified marketing materials.

54.     NML denies the allegations in Paragraph 54 of the FAC.

55.     NML denies the allegations in Paragraph 55 of the FAC.

56.     NML denies the allegations in Paragraph 56 of the FAC.

57.     NML denies the allegations in Paragraph 57 of the FAC.

**V.      Class Action Allegations**

58.     Paragraph 58 of the FAC does not contain any factual allegations and does not require a response.  NML denies that class certification would be appropriate in this case.

59.     Paragraph 59 of the FAC does not contain any factual allegations and does not require a response.  NML denies that class certification would be appropriate in this case.

60.     Paragraph 60 of the FAC does not contain any factual allegations and does not require a response.  NML denies that class certification would be appropriate in this case.

61.     Paragraph 61 of the FAC does not contain any factual allegations and does not require a response.  NML denies that class certification would be appropriate in this case.

62.     Paragraph 62 of the FAC does not contain any factual allegations and does not require a response.  NML denies that class certification would be appropriate in this case.

63.     The allegations in Paragraph 63 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

ACTIVE.125119147.01
4849-5541-2433v1

64.     The allegations in Paragraph 64 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

65.     The allegations in Paragraph 65 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

66.     The allegations in Paragraph 66 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

67.     The allegations in Paragraph 67 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

68.     The allegations in Paragraph 68 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

69.     The allegations in Paragraph 69 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

**VI.     Claims for Relief**

**COUNT 1**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**15 U.S.C. §§ 2301, et seq.**

70.     To the extent Paragraph 70 of the FAC incorporates by reference each allegation from Paragraphs 1-69 of the FAC, NML incorporates by reference its responses to those allegations.

71.     The allegations in Paragraph 71 of the FAC contain legal conclusions to which no response is required.  The remaining allegations of Paragraph 71 of the FAC are denied.

72.     The allegations in Paragraph 72 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

73.     The allegations in Paragraph 73 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

- 8 -

74.     The allegations in Paragraph 74 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

75.     The allegations in Paragraph 75 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

76.     The allegations in Paragraph 76 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

77.     NML admits that NNA's warranty information booklet accompanied the sale or lease of new Nissan vehicles in the U.S.  If anything further is intended by the allegations in Paragraph 77 of the FAC, then they are denied.

78.     The allegations in Paragraph 78 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

79.     The allegations in Paragraph 79 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

80.     The allegations in Paragraph 80 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

81.     The allegations in Paragraph 81 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

82.     The allegations in Paragraph 82 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

83.     The allegations in Paragraph 83 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

84.     The allegations in Paragraph 84 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

- 9 -

85.     The allegations in Paragraph 85 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

86.     Paragraph 86 of the FAC does not contain any factual allegations and does not require a response.  If a response is required, the allegations are denied.

## COUNT 2
## BREACH OF EXPRESS WARRANTY

87.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 87 of the FAC.

88.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 88 of the FAC.

89.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 89 of the FAC.

90.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 90 of the FAC.

91.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 91 of the FAC.

92.     On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML.  *See* Dkt. No. 67.  Accordingly, no response is required.  To the extent a response is required, NML denies the allegations of Paragraph 92 of the FAC.

- 10 -

93. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 93 of the FAC.

94. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 94 of the FAC.

95. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 95 of the FAC.

96. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 96 of the FAC.

97. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 97 of the FAC.

98. On September 21, 2020, the Court dismissed Plaintiff's breach of express warranty claim against NML. *See* Dkt. No. 67. Accordingly, no response is required. To the extent a response is required, NML denies the allegations of Paragraph 98 of the FAC.

## COUNT 3
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

99. To the extent Paragraph 99 of the FAC incorporates by reference each allegation from Paragraphs 1-98 of the FAC, NML incorporates by reference its responses to those allegations.

- 11 -

100.     The allegations in Paragraph 100 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

101.     The allegations in Paragraph 101 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

102.     The allegations in Paragraph 102 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

103.     The allegations in Paragraph 103 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

104.     NML denies the allegations in Paragraph 104 of the FAC.

105.     NML admits that a warranty information booklet accompanied the sale or lease of new Nissan vehicles in the U.S.  The remaining allegations in Paragraph 105 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

106.     NML admits that a warranty information booklet accompanied the sale or lease of new Nissan vehicles in the U.S.  The remaining allegations in Paragraph 106 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

107.     The allegations in Paragraph 107 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

108.     The allegations in Paragraph 108 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

109.     The allegations in Paragraph 109 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

- 12 -

## COUNT 4
## FRAUDULENT CONCEALMENT

110.   To the extent Paragraph 110 of the FAC incorporates by reference each allegation from Paragraphs 1-109 of the FAC, NML incorporates by reference its responses to those allegations.

111.   The allegations in Paragraph 111 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

112.   NML denies the allegations in Paragraph 112 of the FAC.

113.   The allegations in Paragraph 113 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

114.   The allegations in Paragraph 114 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

115.   NML denies the allegations in Paragraph 115 of the FAC.

116.   The allegations in Paragraph 116 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

117.   The allegations in Paragraph 117 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

118.   NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the FAC regarding what actions Plaintiff or putative class members would have taken.  To the extent Paragraph 118 of the FAC makes additional allegations, they are denied.

119.   The allegations in Paragraph 119 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

- 13 -

120.     NML lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the FAC regarding what actions Plaintiff or putative class members would have taken.  The remaining allegations in Paragraph 120 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

**COUNT 5**
**UNJUST ENRICHMENT**

121.     To the extent Paragraph 121 of the FAC incorporates by reference each allegation from Paragraphs 1-120 of the FAC, NML incorporates by reference its responses to those allegations.

122.     The allegations in Paragraph 122 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

123.     The allegations in Paragraph 123 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

124.     The allegations in Paragraph 124 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

125.     The allegations in Paragraph 125 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

126.     The allegations in Paragraph 126 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

127.     The allegations in Paragraph 127 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

128.     The allegations in Paragraph 128 of the FAC are legal conclusions to which no response is required.  If a response is required, the allegations are denied.

ACTIVE.125119147.01
4849-5541-2433v1

## VII. **Relief Requested**

Answering the Prayer for Relief set forth in the FAC (the "Prayer"), NML denies that Plaintiff or putative class members are entitled to judgment in their favor or the relief requested.

a.     NML denies that Plaintiff is entitled to the relief requested in Paragraph a. of the Prayer.

b.     NML denies that Plaintiff is entitled to the relief requested in Paragraph b. of the Prayer.

c.     NML denies that Plaintiff is entitled to the relief requested in Paragraph c. of the Prayer.

d.     NML denies that Plaintiff is entitled to the relief requested in Paragraph d. of the Prayer.

e.     NML denies that Plaintiff is entitled to the relief requested in Paragraph e. of the Prayer.

f.     NML denies that Plaintiff is entitled to the relief requested in Paragraph f. of the Prayer.

g.     NML denies that Plaintiff is entitled to the relief requested in Paragraph g. of the Prayer.

h.     NML denies that Plaintiff is entitled to the relief requested in Paragraph h. of the Prayer.

i.     NML denies that Plaintiff is entitled to the relief requested in Paragraph i. of the Prayer.

j.     NML denies that Plaintiff is entitled to the relief requested in Paragraph j. of the Prayer.

ACTIVE.125119147.01
4849-5541-2433v1

## DEFENSES

NML asserts the following defenses.  In asserting these defenses, NML does not concede that it has the burden of proof or production on any of them, and does not assume the burden of proof with respect to any matter as to which Plaintiff has the burden of proof.  Further, NML has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on NML's knowledge, information, and belief at this time, and NML specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time.  Further, NML reserves the right to assert additional affirmative defenses as information is gathered through discovery and investigation.

Subject to the preceding qualifications, and without admitting any of the facts alleged by Plaintiff, NML pleads the following defenses:

1.     The FAC, and each claim alleged therein, fails to state a claim upon which relief can be granted.

2.     The claims of Plaintiff and the putative class are barred because the representations or omissions alleged in the FAC were not false, untrue, or misleading.

3.     The claims of Plaintiff and the putative class are barred because Plaintiff and the putative class members did not reasonably rely on any representations and such representations did not become part of the bargain.

4.     The warranty claims of Plaintiff and the putative class are barred or limited by valid disclaimers or limitations.

5.     The warranty claims of Plaintiff and certain putative class members are barred by lack of privity.

- 16 -

6. The warranty claims of Plaintiff and certain putative class members are barred by the failure to provide statutory notice pursuant to the Uniform Commercial Code.

7. The implied warranty claims of certain putative class members are barred because there has been no manifestation of the alleged defect.

8. An express contract governs the subject matter, precluding the application of any quasi-contractual theory.

9. The asserted claims are barred to the extent any injuries sustained by Plaintiff or putative class members were caused by their own negligent conduct.

10. The asserted claims are barred to the extent any injuries sustained by Plaintiff or putative class members were caused by the conduct of third parties for which NML has no liability.

11. The asserted claims are barred to the extent any injuries sustained by Plaintiff or putative class members were caused by intervening and superseding causes or circumstances, for which NML is not responsible.

12. If Plaintiff or some members of the putative class sustained damages, which damages are denied, their claims are barred because they failed to act reasonably to mitigate any loss or harm that could have avoided by making reasonable efforts or expenditures.

13. The claims of Plaintiff and putative class members are barred, in whole or in part, on the basis that Plaintiff and putative class members would be unjustly enriched if they were allowed to recover the relief alleged in the FAC.

14. To the extent the conduct alleged in the FAC falls under the authority and/or scope of an administrative agency or other agency that regulates NML's actions, the claims of Plaintiff and the putative class are barred under the doctrines of exclusive or primary jurisdiction and the failure to exhaust administrative remedies.

- 17 -

15.     Any request for equitable relief is barred because Plaintiff and putative class members have an adequate remedy at law.

16.     Plaintiff and the putative class members lack standing to seek injunctive relief.

17.     The FAC fails to state a claim upon which attorney's fees can be awarded.

18.     Any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth Amendment of the Constitution of the United States.  Any claims made by Plaintiff for exemplary damages should be stricken as unconstitutional and any award for exemplary damages should be set aside for the reasons stated above.

19.     Plaintiff and the putative class members seek to impose overwhelming and disproportionate liability in violation of NML's substantive and procedural due process rights conferred in the Constitutions of the United States and the States of Connecticut and Tennessee, and by the substantive and due process rights conferred in any other Constitutions the Court may deem applicable.

20.     The aggregate or mass litigation of punitive and/or exemplary damages necessarily violates the Due Process Clause of the Constitutions of the United States and the States of Connecticut and Tennessee.

21.     The claims of at least some members of the putative class are barred, in whole or in part, based on lack of constitutional or statutory standing.

22.     The claims of at least some members of the putative class are barred, in whole or in part, by the economic loss rule.

- 18 -

## RESERVATION OF DEFENSES

NML respectfully reserves the right to amend its answer at a later date to assert such additional defenses, counterclaims, or third-party complaints as may be appropriate when further information is obtained through investigation and formal discovery.

## PRAYER FOR RELIEF

WHEREFORE, NML prays as follows:

1.     That judgment be entered in favor of NML and against Plaintiff;

2.     That the claims in the FAC be dismissed, in their entirety, with prejudice;

3.     That NML be awarded its costs of suit herein; and

4.     For such other additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NML hereby demands a trial by jury on all issues so triable.

Dated: November 6, 2020                              Respectfully submitted,

By: *s/ Brigid M. Carpenter*
Brigid M. Carpenter (BPR No. 181834)
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Tel: (615) 726-7341
Email: bcarpenter@bakerdonelson.com

- 19 -

_s/ E. Paul Cauley, Jr._
E. Paul Cauley, Jr.*
S. Vance Wittie*
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860
paul.cauley@faegredrinker.com
vance.wittie@faegredrinker.com

_Attorneys for Defendants_
NISSAN NORTH AMERICA, INC. and
NISSAN MOTOR CO., LTD.
*admitted _pro hac vice_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served on

counsel for Plaintiffs listed below via ECF notification:

**J. Gerard Stranch, IV**
**Benjamin A. Gastel**
Branstetter, Stranch & Jennings PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: 615-254-8801
Fax: 615-255-5419
Email: gerards@bsjfirm.com
Email: beng@bsjfirm.com

**Lynn A. Toops**
**Lisa M. La Fornara***
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Phone: 317-636-6481
Fax: 317-636-2593
Email: ltoops@cohenandmalad.com
Email: llafornara@cohenandmalad.com

_s/ Brigid M. Carpenter_
Brigid M. Carpenter

ACTIVE.125119147.01
4849-5541-2433v1